UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

DALE LEE BUCHHEISTER,

                         Plaintiff,

                -against-

Police Officer STEVEN R. VANMANEN, Shield
No. 30307; and JOHN and JANE DOE 1 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                       Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Dale Lee Buchheister ("plaintiff" or "Mr. Buchheister") is a resident of Kings County in the City and State of New York.

7.      Defendant Police Officer Steven R. Vanmanen, Shield No. 30307 ("Vanmanen"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Vanmanen is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 1:30 a.m. on September 14, 2013, Mr. Buchheister was lawfully in the area of 1087 Broadway in Brooklyn, New York.

12.     As Mr. Buccheister was walking down the block, he heard defendants shouting.

13.     When plaintiff turned around to see what was going on, he observed defendants rushing toward him.

14.     Suddenly and without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants assaulted him, including grabbing his arm and twisting it and forcing him to the ground.

15.     Defendants searched Mr. Buccheister on the street, finding nothing illegal, handcuffed him and violently put him into a police vehicle.

16.     Plaintiff was taken to the 83rd Precinct.

17.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Buchheister urinate in public and resist arrest and prepared false paperwork, including an arrest report.

18.     At no point did the officers ever observe plaintiff commit any crime or offense prior to his arrest.

19.     At the precinct, Mr. Buchheister was put into a disgusting jail cell and his requests for water were denied.

20.     Mr. Buchheister, an asthmatic, requested asthma medication but was threatened with a longer incarceration.

21.     Mr. Buchheister was eventually taken to Central Booking where he again requested water and asthma medication, but both requests were again denied.

22.     Later in the day on September 14, 2013, Mr. Buccheister was arraigned in Kings County Criminal Court, where the criminal charges were immediately adjourned in contemplation of dismissal.

23.     After approximately fifteen hours in custody, Mr. Buchheister was released.

24.     Mr. Buchheister suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of income and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     The individual defendants created false evidence against plaintiff.

36.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

37.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

41.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

42.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

46.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:  October 21, 2013
        New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*